# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4333 | **DATE** | July 3, 2012 |
| **CASE TITLE** | Larry Banks (B-42423) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion and application to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at Pinckneyville Correctional Center. Plaintiff's complaint, however, is dismissed without prejudice. To proceed with this case, within 30 days of the date of this order, Plaintiff must submit an amended complaint that states a valid claim. The clerk is directed to send Plaintiff an amended complaint form. Plaintiff's failure to comply timely with this order will result in dismissal of this case.

■ **[For further details see text below.]**   Docketing to mail notices.

## STATEMENT

Plaintiff, Larry Banks, now incarcerated at the Pinckneyville Correctional Center, has filed this 42 U.S.C. § 1983 complaint against two Cook County Jail officers named Brown and Sheriff Tom Dart. Plaintiff alleges that he was involved in an accident when two buses transporting Cook County Jail inmates collided on April 27, 2012. Plaintiff states that he requested x-rays after the accident, but was denied. The two officers named Brown were the drivers of the buses, and Plaintiff seeks to sue them for their negligent operation of the vehicles. Plaintiff names Tom Dart as a Defendant in order to identify the two Officer Browns.

Plaintiff's application to proceed *in forma pauperis* is granted. An initial partial filing fee of $8.00 is assessed, and the trust fund officer at Plaintiff's place of confinement shall deduct this amount from Plaintiff's trust fund account, when such funds are available, and forward the initial partial payment to the Clerk of this Court. Thereafter, the trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, Illinois 60604, Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the number of this case. Plaintiff shall remain responsible for the filing fee, and Pinckneyville officials shall notify transferee authorities of any outstanding balance in the event he is transferred.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

    Although Plaintiff may proceed IFP, preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that it fails to state a claim. Plaintiff seeks to sue the two bus drivers for the accident that occurred on April 27, 2012. It is unfortunate that Plaintiff was involved in a vehicular accident, but he must be able to demonstrate that rhe officers acted with deliberate indifference to proceed with a civil rights action in this Court. *Rosario v. Brawn*, 670 F.3d 816, 821–22 (7th Cir. 2012). Deliberate indifference in the context of an automobile accident generally requires actions amounting to criminal recklessness, i.e., that the driver had actual knowledge that the manner he drove the vehicle posed a serious risk of harm and that he consciously disregarded that risk. *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996); *see also Blakemore v. Dart*, No. 12-1713, 2012 WL 1378676 at *2 (N.D. Ill. Apr. 20, 2012) (Kennelly, J.). Plaintiff's allegations indicate no such behavior. Plaintiff may have a negligence claim that he can file in state court, but he has stated no constitutional claim to support a § 1983 action in this Court. Although Plaintiff also indicates that he was unable to obtain adequate medical treatment following the accident, he names only the bus drivers as Defendants and indicates that he seeks to bring claims of negligence for their operation of the vehicles.

    If Plaintiff wants to proceed with this case, he must, within 30 days of the date of this order, submit an amended complaint that states a valid federal claim. His failure to do so will result in dismissal of this case. The clerk shall forward an amended complaint form to Plaintiff.