# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4333 | **DATE** | August 16, 2012 |
| **CASE TITLE** | | Larry Banks (B-42423) v. Tom Dart, et al. | |

**DOCKET ENTRY TEXT:**

Plaintiff's amended complaint [#6] is dismissed. His claims against the two officers named Brown are dismissed without prejudice to Plaintiff raising these claims in state court; however, he cannot proceed these claims here. His claims of inadequate medical care are dismissed without prejudice to Plaintiff submitting another amended complaint that sufficiently states a claim about the lack of such treatment. Plaintiff is given 21 days from the date of this order to submit another amended complaint. His failure to do so will result in summary dismissal of this case. Plaintiff's other amended complaint [#5], except for the cover page, duplicates his later filed amended complaint [#6] and is thus stricken.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

Plaintiff, Larry Banks has submitted an amended complaint as the Court instructed him to do in its July 3, 2012, order. However, review of the amended complaint reveals that Plaintiff does not sufficiently allege claims upon which this court can grant relief.

Plaintiff, who is currently incarcerated at the Pinckneyville Correctional Center, has filed this 42 U.S.C. § 1983 complaint against two Cook County Jail officers (both named Brown), Sheriff Tom Dart, and an unknown nurse and doctor at the jail. Plaintiff alleges that he was involved in an accident when two buses transporting Cook County Jail inmates collided on April 27, 2012. The two Officer Browns were the drivers of the buses. Plaintiff states that he was unable to get adequate medical care after the accident because he requested x-rays after the accident, but was denied. Neither of these claims are sufficient to proceed in this Court.

To state a civil rights claim, Plaintiff must assert facts that demonstrate that the Defendants acted with deliberate indifference, i.e., that each Defendant was actually aware of a serious risk of harm to Plaintiff, yet consciously disregarded that risk. In the context of an automobile accident, deliberate indifference requires actions amounting to criminal recklessness, i.e., that the driver had actual knowledge that the manner he drove the vehicle posed a serious risk of harm and that he consciously disregarded that risk. *See Rosario v. Brawn*, 670 F.3d 816, 821–22 (7th Cir. 2012); *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996); *see also Blakemore v. Dart*, No. 12-1713, 2012 WL 1378676 at *2 (N.D. Ill. Apr. 20, 2012) (Kennelly, J.). Plaintiff's allegations indicate no such behavior. Plaintiff may have a negligence claim that he can file in state court, but he has stated no constitutional claim to support a § 1983 action in this Court. Accordingly, his claims against the two Officer Browns are dismissed. The dismissal is without prejudice to Plaintiff pursuing these claims in state court; however, the claims cannot proceed here. This dismissal in no way comments on the merits of these claims should Plaintiff refile in state court.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

With respect to Plaintiff's claims that he received inadequate medical treatment after the accident, he states only that he requested but did not receive x-rays, like some of the other accident victims. As with his claims against the bus drivers, Plaintiff must allege facts indicating deliberate indifference; simple negligence does not establish a constitutional violation. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents 'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir.2008). "[T]he Constitution is not a medical code that mandates specific medical treatment." *Id.* (citation omitted). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Id.* at 697–98 (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

Although Plaintiff has indicated that he would like to sue an unknown doctor and nurse, he only generally states that he was unable to obtain adequate medical care and continues to give as his only example that x-rays were not ordered. As noted above, simply not ordering x-rays does not state a claim of deliberate indifference. Nor do his general claims of inadequate treatment sufficiently state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must give sufficient information to provide adequate notice to each Defendant of the claim being alleged against him or her and the grounds upon which the claim rests, and a court need not accept mere labels and legal conclusions as factual allegations). Plaintiff claim is "too vague to provide notice to defendants," and he must provide some information to support his claim. *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).

The Court shall allow one additional opportunity to sufficiently assert a valid deliberate indifference to his medical needs claim. If Plaintiff wants to proceed with this case, he must, within 21 days of the date of this order, submit an amended complaint that states a valid federal claim of deliberate indifference with respect to his alleged need for medical treatment after the accident. His failure to do so will result in dismissal of this case. The clerk shall forward an amended complaint form to Plaintiff.