# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4333 | **DATE** | October 10, 2012 |
| **CASE TITLE** | Larry Banks (B-42423) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the claim for deliberate indifference against the bus drivers remains while the deliberate indifference claim against Tom Dart is dismissed. Dart shall remain a Defendant for the purpose of assisting with service of the two Officers Browns. The clerk shall issue summonses for service of the Second Amended Complaint [8] on the Defendants.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff Larry Banks has submitted a Second Amended Complaint as the Court instructed him to do in its August 16, 2012, order. Plaintiff is currently incarcerated at the Pinckneyville Correctional Center. He filed this 42 U.S.C. § 1983 action against two Cook County Jail officers (both named Brown) and Sheriff Tom Dart. His original complaint included as Defendants an unknown nurse and doctor at the jail, but his amended complaints no longer list them. Plaintiff alleges that he was involved in an accident when two buses transporting Cook County Jail inmates collided on April 27, 2012. The two Officer Browns were the drivers of the buses. Plaintiff states that he received inadequate medical care after the accident because he was not referred for x-rays.

    Although the allegations in the prior complaints stated no deliberate indifference claims against the bus drivers, the current complaint sufficiently alleges such a claim. As previously noted, claims of only negligence do not support a § 1983 action, and Plaintiff's allegations must indicate that the Defendants acted with deliberate indifference (criminal recklessness). "Allegations of a public official driving too fast for the road conditions are grounded in negligence, not criminal recklessness." *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996). A plaintiff must allege facts demonstrating that the drivers "knew an accident was imminent but consciously and culpably refused to prevent it." *Id.*; *see also Blakemore v. Dart*, No. 12 C 1713, 2012 WL 1378676, at *2 (N.D. Ill. Apr. 20, 2012) ("Deliberate indifference in the context of an automobile accident generally requires actions amounting to criminal recklessness, *i.e.*, that the driver had actual knowledge that the manner he drove the vehicle posed a serious risk of harm and that he consciously disregarded that risk.")

    In his Second Amended Complaint, Plaintiff alleges that the Defendant bus drivers drove "recklessly" at a "fast speed" and "close" to each other, and "consciously disregarded [his] saf[tey]." (R. 8, Second Am. Compl. at 4.) Plaintiff further alleges that the officers had been drinking alcohol. (*Id.*) If these allegations are true, which the Court must assume at this stage, Plaintiff may be able to prove that the drivers drove in an intentionally reckless manner with knowledge that their behavior would likely cause an accident. The Second Amended Complaint thus states a "plausible claim for relief" and alleges facts that raise Plaintiff's right to relief above a "mere speculative level." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

    Accordingly, the Court will allow Plaintiff to proceed with his claims against the two Officer Browns. Given that Brown may be too common a last name to identify them for service, Tom Dart shall remain a Defendant to assist with identifying them. The Court advises Plaintiff that ultimately it is his responsibility to serve Defendants, and his failure to do so will result in dismissal. Fed. R. Civ. P. 4(m). Once an attorney enters an appearance for Dart, Plaintiff should forward interrogatories (written questions) to the attorney seeking the names of the drivers. Once Plaintiff's learns their full names, he may then request that service be again attempted.

# STATEMENT

     Although Tom Dart remains a Defendant to assist with service of the Brown Defendants, the claim directly against Dart are dismissed. As noted above, to state a civil rights claim, Plaintiff must assert facts that demonstrate that the Defendants acted with deliberate indifference, *i.e.*, that the Defendant was actually aware of a serious risk of harm to Plaintiff, yet consciously disregarded that risk. In his Second Amended Complaint, Plaintiff again contends that he received inadequate medical treatment after the accident, and again refers to his inability to obtain x-rays. (Second Am. Compl. at 5.) Plaintiff does not allege that Dart was personally involved with Plaintiff's medical care. Instead, Plaintiff states only general allegations that inmates are entitled to adequate medical care and that Tom Dart knew about the accident. (*Id.*) Plaintiff makes no allegation as to how Dart was involved with Plaintiff's medical care, and Dart appears to be named simply as a supervisory official who knew about the accident.

     A sheriff "is entitled to relegate to the [jail]'s medical staff the provision of good medical care" and "[a] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference," *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Included with the Second Amended Complaint is a sheet titled "Orders" providing a description of at least some of the medical attention Plaintiff received. (Second Am. Compl. at Exh. A.) The "Orders" sheet shows that, on the day of the accident, Plaintiff received medications of ibuprofen and methocarbomol (a muscle relaxant). (*Id.*) The "Orders" sheet also states that Plaintiff was referred for a follow-up visit one week later on May 4, 2012. (*Id.*) The complaint thus indicates that Plaintiff received medical attention at least on the day of the accident, and possibly a week after. Plaintiff's general assertions about his entitlement to adequate medical care and Dart's knowledge of the accident do not state a claim of deliberate indifference against Dart. The claims against Tom Dart are thus dismissed.

     Even if Tom Dart was named to identify medical persons who treated Plaintiff, this claim must still be dismissed. As noted in the Court's prior order, "[f]or a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents 'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). In his Second Amended Complaint, Plaintiff continues to base his allegation of inadequate medical care on the fact that x-rays were ordered for other inmates, but not for him. "[T]he Constitution is not a medical code that mandates specific medical treatment." *Id.* (citation omitted). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Id.* at 697–98 (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Plaintiff may have state-law claims of negligence with respect to the medical care he received for his injuries, but not a federal civil rights claim.

     For the reasons stated above, the deliberate indifference claim against the two bus drivers remains while the claim for deliberate indifference against Tom Dart is dismissed. Tom Dart shall remain a Defendant to assist with service on the two Officer Browns. Once the bus drivers are served, Dart may seek to be dismissed.

     The clerk shall issue summonses for service of the Second Amended Complaint on Cook County Jail Officers Browns and Tom Dart. The United States Marshals Service is appointed to serve the Defendants. Any forms necessary for the Marshal to serve Defendants shall be forwarded to Plaintiff. His failure to return the forms may result in the dismissal of the Defendants. With respect to a former employee who no longer can be found at Cook County Jail, officials there shall provide the Marshal with Defendant's last-known addresses. The information shall be used only for purposes of effectuating service, or to show proof of service. Such information shall be retained only by the Marshal, shall not be maintained in the court file, nor shall be disclosed by the Marshal. The Marshal may mail requests for waiver of service to Defendants in accordance with Fed. R. Civ. P. 4(d)(2). If unable to obtain waivers, the Marshal must attempt to serve Defendants with personal service.

     Plaintiff is instructed to file all future papers concerning this case with the Clerk of Court in care of Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. Also, he must send an exact copy of any court filing to Defendants, or their attorney once one enters an appearance. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the Plaintiff.