IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LARRY BANKS (B-42423),** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 4333 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| **TOM DART, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry Banks ("Plaintiff"), an Illinois inmate in custody at the Pinkneyville Correctional Center, brought this suit against Cook County Sheriff Tom Dart and Cook County Jail Officers Sheerah Brown and Rodney Brown ("Defendants"). Plaintiff alleges that, during his incarceration at the Cook County Jail, he was injured when two buses transporting inmates collided. According to Plaintiff, the Defendants were intoxicated and drove the buses in a reckless manner. Currently before the court are the Defendants' motion for summary judgment and Plaintiff's motion for summary judgment. For the reasons stated herein, the court grants Defendants' motion for summary judgment, denies Plaintiff's motion for summary judgment, and enters judgment in favor of Defendants.

## STANDARD OF REVIEW

Summary judgment is appropriate if, construing all facts and drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jajeh v. Cnty. of Cook*, 678 F.3d 560, 566 (7th Cir. 2012); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). A genuine issue of material fact exists

only if there is evidence to permit a jury to return a verdict for the nonmoving party. *Carroll*, 698 F.3d at 564 (7th Cir. 2012). This Court neither judges the credibility of witnesses nor evaluates the weight of the evidence when addressing a summary judgment motion, *see Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009); however, Rule 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The facts below are taken from Defendants' factual assertions in their N.D. Ill. Local Rule 56.1(a)(3) Statement of Material Facts, which are supported by the record. (Dkt. # 42.) Consistent with Local Rule 56.2, Defendants provided Plaintiff with notice of his need to respond to their Rule 56.1 Statement, along with instructions as to how to do so. (Dkt. ## 44 and 49 at 2-3). Indeed, Plaintiff included a copy of the Rule 56.2 Notice with his own summary judgment materials, thus demonstrating his receipt of the notice. Despite being served with a Local Rule 56.2 Notice, Plaintiff did not respond to the Defendants' Rule 56.1(a)(3) factual statements pursuant to Local Rule 56.1(b)(3)(B). Instead, he filed his own motion for summary judgment and his own Rule 56.1 Statement of Material Facts in support of his motion. (Dkt. ## 46, 49.) Plaintiff's Rule 56.1 Statement, however, complies neither with Rule 56.1(b)(3) to qualify as a valid response to the Defendants' Rule 56.1(a)(3) Statement nor with Local Rule 56.1(a)(3) to serve as his own statement of material facts. (Dkt. # 49.) Local Rule 56.1(a)(3) provides that a Rule 56.1 Statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." With respect to a response to a Rule 56.1(b)(3) Statement, the response must contain:

> (A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and

> (B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (C) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

Local Rule 56.1(b)(3). Plaintiff's Rule 56.1 Statement lists several exhibits (his complaint, his amended complaint, a grievance, his medical records, and his deposition), but presents no paragraphs or listing of facts supported by citations to the record. (Dkt. # 49.) Nor does his Rule 56.1 Statement respond to the statement of facts in the Defendants' Rule 56.1(a)(3) Statement. (*Id.*)

Plaintiff's status as a pro se litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[E]ven pro se litigants must follow rules of civil procedure"). Accordingly, Plaintiff's Rule 56.1 Statement will not be considered, and the facts set forth in the Defendants' Local Rule 56.1(a)(3) Statement are thus deemed admitted. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Keeton v. Morningstar*, Inc., 667 F.3d 877, 880-81, 884 (7th Cir. 2012).

## FACTS

Officer Rodney Brown and Officer Sheerah Brown have both been employed as correctional officers for the Cook County Department of Corrections ("CCDOC") since 1991. (Defs.' Stmt. Facts, Dkt. # 42, ¶¶ 1, 2.) On April 27, 2012, CCDOC transported some of its inmates to Stateville Correctional Center on two buses, #9790 and #9193. (*Id.* ¶¶ 3-5.) Rodney Brown drove bus #9790. (*Id.* ¶ 5.) Officer Marlon Burlock, who is not a defendant, drove bus #9193. (*Id.*) Defendant Sheerah

Brown was a passenger on bus #9193 and sat about three feet behind Burlock. (*Id.* ¶¶ 6, 7.) At 8:05 a.m. on April 27, 2012, the buses were traveling south on Interstate 55 in the far left lane with bus #9193 following #9790. (*Id.* ¶ 4.) The buses were escorted by a K-9 car. (*Id.* ¶ 8.) At some point during the trip, the K-9 car moved into the far left lane directly in front of bus #9790 and stopped abruptly. (*Id.*) Defendant Rodney Brown pulled bus #9790 onto the shoulder of the highway while stopping his bus to avoid colliding with the K-9 car. (*Id.* ¶ 9.) Officer Burlock immediately applied the brakes to bus #9193 and curved the bus onto the left shoulder to come to a complete stop and avoid hitting bus #9790. (*Id.* ¶¶ 10-11.) Despite Burlock's efforts, the front passenger side of bus #9193 made contact with the rear driver's side of bus #9790. (*Id.* ¶ 12.) According to Sheerah Brown, bus #9193 was traveling below the speed limit just prior to the accident. (*Id.* ¶ 13.) Plaintiff was a passenger on bus #9193 and was seated on the left side of the bus, near the back, along the aisle. (*Id.* ¶ 14.) He could not see the speedometer from his seat. (*Id.* ¶ 15.)

Transportation supervisors were notified and a Chicago Fire Department ambulance arrived at the scene. (*Id.* ¶¶ 16-17.) Immediately after the accident, breathalyzer and urine drug tests were conducted on both drivers, Rodney Brown and Burlock. (*Id.* ¶ 19.) The breathalyzer test results showed 0.000 for blood alcohol levels for both Rodney Brown and Burlock. (*Id.* ¶ 20.) The urine tests were negative, showing no drug use by either Rodney Brown or Burlock. (*Id.*) Neither Plaintiff nor Defendant Sheerah Brown saw either Rodney Brown or Burlock drinking alcohol before the accident. (*Id.* ¶ 22.) Immediately after the accident, Sheerah Brown drove inmates back to Cook County Jail so that they could be examined at Cermak Health Services. (*Id.* ¶ 23.)

The only evidence Plaintiff submits in support of his claims is his own affidavit, wherein he states that he could smell gin on both drivers' breath and that they drove above the speed limit in a reckless manner. (Dkt. # 46 at 5.) The affidavit is not submitted with Plaintiff's Rule 56.1 Statement (which, as previously noted, was not properly filed in accordance with Local Rule 56.1(a)(3)); nor is

it included with a response to the Defendants' Rule 56.1 Statement. The affidavit thus need not be considered. *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("[S]trictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant") (citations omitted). Even if the court considered the affidavit, it does not support the denial of Defendants' motion for summary judgment.

## DISCUSSION

The Court begins by clarifying the parties and claims of this case. When the Court allowed this case to proceed against the defendant officers and Sheriff Tom Dart, it noted that Plaintiff stated no claims against Dart but that he may be needed to assist with identifying the officers given their common last name. (Dkt. # 9.) Because service was accomplished on both defendant officers, Dart is no longer needed and he is dismissed as a defendant.

Additionally, although Plaintiff may have intended to name as defendants the two bus drivers, he learned through discovery that the drivers were Rodney Brown and Burlock. Plaintiff, however, never sought to add Burlock as a defendant. The only defendants in this case are Rodney Brown, driver of the lead bus, and Officer Sheerah Brown, a passenger in the second bus in which Plaintiff rode. Although Sheerah Brown drove inmates back to Cook County Jail after the accident, Plaintiff asserts no deliberate indifference with respect to his return trip to the jail. Accordingly, because Plaintiff has not asserted any claims against Sheerah Brown, she is dismissed as a defendant. The only defendant against whom Plaintiff alleges deliberate indifference is Rodney Brown, who drove bus #9790.[1]

To succeed on a civil rights claim, Plaintiff must establish that he "was deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011). "In § 1983 cases, 'the plaintiff bears the burden of proof on the

---

[1] The Court notes that even if Officer Burlock were added as a defendant, the reasons for summary judgment for Rodney Brown would apply to Burlock.

constitutional deprivation that underlies the claim, and thus must come forth with sufficient evidence to create genuine issues of material fact to avoid summary judgment.'" *Id.* (quoting *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010)). To establish a constitutional violation in the instant context, Plaintiff must prove that the Defendants were actually aware of a serious risk of harm to Plaintiff but consciously disregarded that risk. *See Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996) ("[M]otor vehicle accidents caused by public officials or employees do not rise to the threshold of a constitutional violation actionable under § 1983, absent a showing that the official knew an accident was imminent but consciously and culpably refused to prevent it.").

The summary judgment evidence reveals that there was no deliberate indifference regarding the April 27, 2012, accident. The accident occurred when the police car escorting the two buses entered the left-hand lane and stopped suddenly in front of the bus driven by Rodney Brown, who applied the brakes and steered his bus onto the shoulder to avoid hitting the escorting vehicle. Burlock, the driver of Plaintiff's bus, also immediately applied the brakes and veered left to avoid colliding with the bus in front of it. Despite the efforts of both drivers, the front passenger side of the second bus (Plaintiff's bus) struck the rear driver's side of the first bus. Breathalyzer and urine tests conducted on both bus drivers after the accident revealed no alcohol or drug use by either driver. According to the summary judgment evidence, both buses were driving below the speed limit.

The facts demonstrate a relatively minor accident, not a constitutional violation. Even if Plaintiff could show that the buses drove at a high rate of speed, such conduct would not establish deliberate indifference. Claims based on "driving too fast for the road conditions are grounded in negligence, not criminal recklessness." *Hill*, 93 F.3d at 421. In *Hill*, no deliberate indifference existed for a police officer "driving well over the speed limit," even though he was not responding to an emergency, without his cruiser lights, emergency lights, or siren on, and ran a red light. *Id.* at 420-21.

The evidence in this case shows only a vehicular accident, but nothing approaching deliberate indifference.

The only evidence Plaintiff presents is his own affidavit, wherein he states that could smell gin on both drivers and that the buses were driven at a high speed. (Dkt. # 46 at 5.) As noted above, Plaintiff did not properly submit a Rule 56.1 Statement of Material Facts or responses to Defendants' Rule 56.1 Statement, and therefore his affidavit is not part of the summary judgment record. Even if the Court considered it, Plaintiff's self-serving affidavit, which contradicts the test results showing that the bus drivers were not intoxicated, is insufficient to defeat summary judgment. *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001). Moreover, Plaintiffs' assertion in his affidavit that the buses were driving "way over the speed limit[ed] at leas[t] 58 to 60" is contradicted by his deposition testimony that he was sitting in the back of the bus and could not see the speedometer. (Defs.' Stmt. Facts, Dkt. # 42, ¶¶ 14, 15.)

Plaintiff also makes reference to a deliberate indifference claim with respect to medical attention he received after the accident. However, this claim was dismissed in the Court's screening order of October 10, 2012. (Dkt. # 9.)

Finally, the Defendants ask the Court to assess a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g). A prisoner accumulates strikes for filing cases or appeals that are frivolous, malicious or fail to state a claim upon which relief can be granted. The Defendants ask the Court to assess a strike on the ground that Plaintiff's case is frivolous and malicious because he had no basis on which to state that Rodney Brown and Burlock had been consuming alcohol. While this case comes perilously close to being frivolous given that urine and breathalyzer tests indicated that the drivers were not intoxicated, the Court declines to assess a strike at this time. Plaintiff, a frequent litigator, is admonished that similar allegations in future cases may lead to a strike being assessed under 28 U.S.C. § 1915(g).

## CONCLUSION

For the reasons stated above, the Court grants the Defendants' motion for summary judgment (Dkt. # 40) and enters judgment in their favor. Plaintiff's motion for summary judgment (Dkt. # 46) is denied. Civil case terminated.

**DATE:** February 18, 2014

_____
**Ronald A. Guzmán**
**United States District Judge**